IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

NEDOLANDEZ SANTOS,                      :

    Plaintiff,                     :

vs.                                     :       CIVIL ACTION  10-0505-WS-C

JEFFERSON DAVIS TECH. COLLEGE,          :
et al.,

    Defendants.                    :

## REPORT AND RECOMMENDATION

This action was filed by an Alabama state inmate on September 13, 2010 and has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2 (c)(4) for appropriate action.

On October 7, 2010, Plaintiff filed a Motion to Dismiss Without Prejudice (Doc. 10). Given the tenor of the motion and a review of the Court file, it is decided that Plaintiff's motion should be construed as a notice of dismissal filed pursuant to Fed.R.Civ.P. 41(a)(1)(i). "Under Rule 41(a)(1)[(i)], a plaintiff may dismiss a complaint, without order of the court '[] by filing a notice of dismissal at any time before service by the adverse part[y] of an answer or of a motion for summary judgment; … .'" *Cunningham v. Whitener* 182 Fed.Appx. 966, 969 (11th Cir. 2006). Inasmuch as no answer or other responsive pleading has been filed in this action, it is recommended that this action be dismissed **without prejudice** at the request of the *pro se* plaintiff.

The instructions which follow the undersigned's signature contain important information

1

regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this 4th day of November, 2010.

                                                 s/WILLIAM E. CASSADY  
                                        **UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.   Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.